*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LARRY JAMES BAILEY,

Defendant-Appellant.

UNPUBLISHED
April 28, 2022

No. 338351
Macomb Circuit Court
LC No. 2016-002492-FH

AFTER REMAND

Before: SHAPIRO, P.J., and GADOLA and REDFORD, JJ.

SHAPIRO, P.J. (*dissenting*).

I respectfully dissent as I would vacate defendant's convictions and remand for a new trial. This is the fourth time this case has been before us. On the first occasion we remanded to the trial court to consider whether defense counsel's decision to introduce the CARE House interview transcript, which was highly inculpatory and hearsay, constituted ineffective assistance of counsel. The case returned after remand and on review of the *Ginther* hearing transcript we concluded that even if counsel had been ineffective, the alleged errors did not demonstrate a reasonable probability of a different outcome absent those errors. Although I signed the majority opinion, I thought the question was very close. In addition, there were two other witnesses who offered hearsay recountings of the complainant's statements without objection.

Defendant applied for leave with the Supreme Court, which remanded the case to us, pointing out that we had neglected to address defendant's other basis for his assertion of ineffective assistance, i.e., the failure of counsel to call defendant's wife, Lakisha Bailey, and his friend, Maurice Hamilton, as witnesses. We again remanded to the trial court where another hearing was held at which the two witnesses testified. Our order provided that if the trial court found ineffective assistance on this ground, it should consider whether the failure to call these witnesses along with the introduction of the forensic interview transcript cumulatively created sufficient prejudice to require a new trial.

I agree with the majority that the testimony offered by the witnesses at the hearing did not alone rise to the level of creating a reasonable probability of a different outcome. However, given the improper admission of the CARE House transcript, I would find that the cumulative prejudice of counsel's errors tips the scale and require that we order a new trial.

My view is also influenced by a significant trial court error, which is plain on review of the trial transcript. I recognize that there was no objection at trial and that the error was not raised in the appellate briefs, but I nonetheless believe that the error was structural and of such magnitude that we are bound to address it.[1]

At the conclusion of the child-complainant's testimony the court engaged in a colloquy with the child that I believe clearly indicated to the jury that the judge found her testimony credible and convincing. Since there was no physical evidence and no witness to the alleged crime other than the child, the case turned wholly on whether or not the jury believed her testimony, and the court's statements, no matter how well intended, deprived defendant of a fair trial. I have no doubt that the trial judge did not intend to influence the jury but was instead offering the kind of praise that courts sometimes give to child witnesses. However, the extent of the judge's praise in a *credibility contest* and *made in the presence of the jury*, requires reversal.

The colloquy occurred immediately after the child testified and reads:

> *The Court*: Good job.
>
> So you're the smartest girl in the class?
>
> [*Complainant*]: No.
>
> *The Court*: I think you are. You're pretty smart.

---

[1] When a trial judge pierces the veil of impartiality, a structural error has occurred. See *People v Stevens*, 468 Mich 162, 168; 869 NW2d 233 (2015). There are four elements that must be shown for a defendant to prevail on a forfeited claim of constitutional error: that the error occurred, that it was plain, that it affected substantial rights and that it resulted in conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Recently, the Supreme Court further explained that where the forfeited error is structural, "the existence of a forfeited structural error alone satisfies the third prong of the plain-error standard, and a defendant need not also show the occurrence of outcome-determinative prejudice." *People v Davis*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 161396); slip op at 17. Further, a trial affected by structural error "is generally one whose fairness, integrity, or public reputation has been damaged." *Id*. at ___; slip op at 18 (quotation marks and citation omitted). As noted in *Davis*, "[g]iven this conceptual overlap between the third and fourth prongs of the plain-error standard and that a forfeited structural error automatically satisfies the third prong of the plain-error standard, a forfeited structural error is very likely to also satisfy the fourth prong of the plain-error test." *Id*. at ___; slip op at 18-19.

[*Complainant*]:  This boy in my school is the smartest kid.  He does work in five minutes.

*The Court*:  Who does their work in five minutes?

[*Complainant*]:  This boy . . . .

*The Court*:  What's it take you, four minutes?

[*Complainant*]:  If I know the homework I just rush through it because I know how.

*The Court*:  I think you're pretty smart, I'm going to tell you.

[*Complainant*]:  Thank you.

\* \* \*

*The Court*:  You were great.  Will you come back and see me sometime?

[*Complainant*]:  Yes.

*The Court*:  I'm going to tell you I never saw anybody talk like you do and the way you express yourself.  Your teachers tell you that all . . . the time, don't they.  You're special?  Do they?  I know they do.

[*Complainant*]:  Not all the time.

*The Court*:  I bet they do and they should because you're great.  You come back and see me.  Okay?

[*Complainant*]:  My second grade teacher did.

*The Court*:  I bet they did.  You come back and say hi to me sometimes.

[*Complainant*]:  Second grade.

*The Court*:  You're in third now.

[*Complainant*]:  No.

*The Court*:  Do you go in fifth grade now?

[*Complainant*]:  No.

*The Court*:  Smart as you are, you're going to skip fourth. . . .

"The test to be applied to determine whether a trial judge has pierced the veil of judicial impartiality requiring reversal is, considering the totality of the circumstances, whether it is

reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against the defendant." 1B Gillespie, Michigan Criminal Law & Procedure (2d ed), § 20:110, pp 194-195. See also *People v Smith*, 64 Mich App 263, 267; 235 NW2d 754 (1975) ("Where a case is being tried before a jury, . . . the judge must be especially careful that his questions or comments do not indicate partiality."). A leading treatise explains why comments from a judge indicating bias or belief or a witness are particularly prejudicial:

> While the trial court is given wide discretion in conducting a trial, it must exercise restraint over its conduct and statements to maintain an impartial forum. The judge, as the dominant figure in the courtroom, must guard against inadvertent comments or an attitude of belief or disbelief which may prejudice the jury. Indeed, *jurors closely watch a judge's conduct and give attention to the judge's language that they may, if possible, ascertain the judge's leaning to one side or the other, which, if known, often largely influences their verdict.* A trial judge is required to be especially cautious and circumspect in language and conduct during a jury trial, because a prejudicial comment from the bench is worse than all others because it has the air of official sanction. [75 Am Jur 2d, Trial, § 203, p 460 (emphasis added).]

The trial court did give the standard instruction that its comments were not evidence but as the Supreme Court observed in *People v Stevens*, 498 Mich 162, 178-179; 869 NW2d 233 (2015), "[a]lthough the presence of a proper curative instruction weighs against the conclusion that the judge's conduct pierced the veil and deprived defendant of a fair trial, the totality-of-the-circumstances test requires that this factor be considered alongside the others." See also 75 Am Jur 2d, Trial, § 206, p 464 ("The propriety and prejudicial effect of a particular comment are judged both by its content and by the circumstances in which it was made.").

In this case, the judge's comments to the child complainant following her testimony strongly indicated to the jury that he believed the testimony. Indeed, it is highly unlikely that the judge would have praised the complainant to the extent he did if he did not find her testimony credible. Considering the totality of the circumstances and the nature of the judge's comments, I conclude that the judge pierced the veil of judicial impartiality. And when the judge's comments are considered with defense counsel's errors, it is clear that a new trial is warranted.

/s/ Douglas B. Shapiro